IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 265, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. |
| | ) | JUDGE |
| DENNING, INCORPORATED, an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 265 (hereinafter referred to as "Local 265"), brings this action to enforce an arbitration award against Defendant, DENNING, INCORPORATED ("Denning" or "the Company"), as follows:

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act (hereinafter referred to as "LMRA") of 1947, 29 U.S.C. §185.

2. Plaintiff, Local 265, is a labor organization representing employees in an industry affecting commerce within the meaning of Section 2(5), (6) and (7) of the National Labor Relations Act (NLRA), 29 U.S.C. §§152(5), (6) and (7), and Section 301 of the LMRA, 29 U.S.C. §185. Its principal offices are located at 205 Alexandra Way, Carol Stream, Illinois, within the geographic jurisdiction of this Court.

3. Defendant, Denning, is an employer in an industry affecting commerce within the meaning of Section 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§152(2), (6) and (7) and Section 301

of the LMRA, 29 U.S.C. §185. The Company's office is located within the geographic jurisdiction of this Court, at 4N944 Old LaFox Road, Wasco, Illinois, in Kane County.

    4.    On or about February 4, 2015, the Company executed the most current "Acceptance of Agreement" agreement with Local 265 (a true and correct copy is attached hereto as "Exhibit A").

    5.    By the terms of the Acceptance of Agreement, the Company agreed to accept the Collective Bargaining Agreement between Local 265 and the Sheet Metal Contract Association (hereinafter referred to as the Agreement (a true and correct copy is attached hereto as "Exhibit B") and any Amendments thereto between the Company and Local 265.

    6.    Article X of the Agreement, effective June 1, 2014 through May 31, 2017, states as follows (Ex. B at 13, 15-16):

## ARTICLE X

> **Section 2**. Grievances not settled as provided in Section 1 of this Article may be appealed by either party to the Local Joint Adjustment Board where the work was performed or in the jurisdiction of the employer's home local and such Board shall meet promptly on a date mutually agreeable to the members of the Board, but in no case more than fourteen (14) calendar days following the request for its services, unless the time is extended by mutual agreement of the parties or Local Joint Adjustment Board.
>
>     \*    \*    \*
>
> **Section 5**. A Local Joint Adjustment Board, Panel and the National Joint Adjustment Board are empowered to render such decisions and grant such relief to either party as they deem necessary and proper, including awards of damages or other compensation.
>
> **Section 6.** In the event of non-compliance within thirty (3) calendar days following the mailing of a decision of a Local Joint Adjustment Board, Panel or the National Joint Adjustment Board, a local party may enforce the award by any means including proceedings in a court of competent jurisdiction in accord with applicable state and federal

      law. If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such other relief as is directed by the courts.

      **Section 7.** Failure to exercise the right of appeal at any step thereof within the time limit provided therefore shall void any right of appeal applicable to the facts and remedies of the grievances involved. There shall be no cessation of work by strike or lockout during the pendency of the procedures provided for in this Article. Except in case of deadlock, the decision of the National Joint Adjustment Board shall be final and binding.

7. In October 2015, a dispute arose between Local 265 and the Company under the terms of the Agreement. Specifically, Local 265 alleged that the Company violated various provisions of the Collective Bargaining Agreement by and between Local 265 and the Sheet Metal Contractors Association, including Articles II, V, VI, and VIII.

8. On or about October 16, 2015, Local 265 submitted two (2) grievances against the Company to the Local Joint Adjustment Board (hereinafter referred to as "LJAB") (a true and correct copy of formal grievance notice and grievances are attached hereto as "Exhibit C").

9. On May 23, 2016, the LJAB conducted a hearing into the grievances brought by Local 265 against the Company. The Company's representatives received proper notice of the hearing, and in fact attended and participated in the hearing. Based upon the evidence presented at the hearing by Local 265 and the Company, the LJAB awarded Local 265 the amount of $40,000.00 for lost union benefits, wages, union resources, legal fees and punitive damages.

10. By letters dated June 15, 2016 and December 1, 2016, the Northeastern Illinois Sheet Metal Contractors Association sent letters to Jeff Denning of Denning, Inc., informing him of the LJAB's decision and demanding that payment of $40,000.00 be sent to Sheet Metal Workers Local 265 (true and correct copies are attached hereto as "Exhibit D" and "Exhibit E").

11. As of today, without justification and in bad faith, the Company has refused to comply with the LJAB's award and decision.

12. At no time has the Company initiated any proceeding, in any state or federal court, to vacate the LJAB award.

WHEREFORE, Plaintiff Local 265 prays that the Court enter an order:

A. Enforcing the LJAB's June 15, 2016 award finding the Company in violation of the Collective Bargaining Agreement;

B. Compelling Defendant Company to pay Local 265 the amount of $40,000.00 in lost wages and benefits for violations of the Collective Bargaining Agreement;

C. Awarding Local 265 its costs and attorneys' fees of this action; and

D. Awarding such other relief as the Court deems just and proper.

                                                          Respectfully submitted,

                                                    /s/ Pasquale A. Fioretto
                                                    One of the Attorneys for the Plaintiff

Pasquale A. Fioretto
Cecilia M. Scanlon
Attorneys for the Plaintiff
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6204218
Telephone: 312/216-2566
Facsimile: 312/236-0241
E-Mail: pfioretto@baumsigman.com

I:\265\Denning\Suit to Enforce\complaint 01-19-17.paf.df.wpd